# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| YVETTE D. GATLIN, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social Security,** )<br>)<br>    *Defendant* ) | No. 1:11-cv-106-DBH |

## *REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the bases that (i) the administrative law judge's finding that the plaintiff had the residual functional capacity ("RFC") to perform sedentary work is not supported by substantial evidence and (ii) the testimony of a vocational expert upon which the administrative law judge relied was not relevant. *See* Statement of Specific Errors ("Statement of Errors") (Docket No. 10) at 1-3. I find no reversible error and, accordingly, recommend that the court affirm the decision.

The plaintiff alleged that she became disabled on July 2, 2007. *See* Record at 8. On December 23, 2009, following a hearing at which the plaintiff, who was represented by counsel,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

testified, as did vocational expert Charles Galarraga, *see id*. at 57-58, 114, the administrative law judge issued a partially favorable decision, finding the plaintiff disabled from July 2, 2007, through August 30, 2009, but not thereafter, based on medical improvement that enabled her to perform past relevant work as a receptionist and a bookkeeper as of the latter date, *see* Findings 10, 12, 16, *id*. at 122-23, 126.

By decision dated March 26, 2010, the Decision Review Board vacated the decision, finding (i) no evidentiary support for the significant restrictions in mental functioning found for the period through August 30, 2009, and (ii) for the period on and after September 1, 2009, an error in classifying the jobs of receptionist and bookkeeper as past relevant work. *See id*. at 142-43. The Decision Review Board remanded the case for (i) further consideration of the plaintiff's maximum RFC, (ii) the obtaining of evidence from a medical expert to clarify the nature and severity of the plaintiff's mental impairment, and (iii) the obtaining of evidence from a vocational expert to clarify the effect of the assessed limitations on the plaintiff's occupational base. *See id*. at 143.

Citing Social Security Ruling 00-4p ("SSR 00-4p"), the Decision Review Board directed the administrative law judge to identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT"). *See id*. at 143-44.

On August 30, 2010, the administrative law judge convened a post-remand hearing at which the plaintiff, who was again represented by counsel, testified, as did medical expert Thomas J. Tarnay, M.D., psychological expert Charles O. Tingley, Jr., Ph.D., and vocational expert Richard B. Hall. *See id*. at 7, 22-23. Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920);

2

*Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), by decision dated September 24, 2010, the administrative law judge found, in relevant part, that the plaintiff had severe impairments of obesity, meralgia paresthetica due to obesity, arthritis of the lumbar spine, and patellofemoral syndrome, Finding 3, Record at 10; that she had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she could lift and carry up to 20 pounds occasionally and 10 pounds frequently, needed to alternate sitting and standing every 30 minutes, could not stoop, crouch, crawl, kneel, or balance, could not climb ladders, ropes, scaffolds, ramps, or stairs, and could not tolerate concentrated exposure to hazards, such as dangerous moving machinery, unprotected heights, or uneven walking surfaces, Finding 5, *id*. at 13-14; that, considering her age (38 years old, defined as a younger individual, on the alleged disability onset date), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 19; and that she, therefore, was not disabled from July 2, 2007, through the date of the decision, September 24, 2010, Finding 11, *id*. at 21.[2] The Decision Review Board selected the decision for review but failed to act within 90 days, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

---

[2] The plaintiff was insured for purposes of SSD benefits through March 31, 2009. *See* Finding 1, Record at 10. Therefore, to obtain SSD benefits, she was obliged to demonstrate that she was disabled on or before that date. *See Mueller v. Astrue*, 561 F.3d 837, 840 (8th Cir. 2009).

## I. Discussion

### A. Challenge to Physical RFC Finding[3]

The plaintiff contends that, in determining her physical RFC, the administrative law judge erred in rejecting lifting/carrying and sitting/standing limitations assessed by Disability Determination Services ("DDS") examining consultant Bruce Trembly, M.D. *See* Statement of Errors at 2-3. I find no reversible error.

#### 1. Lifting/Carrying Limitation

The plaintiff first faults the administrative law judge for failing to address the difference between her finding that the plaintiff was capable of lifting/carrying up to 20 pounds occasionally and up to 10 pounds frequently, *see* Finding 5, Record at 13-14, and Dr. Trembly's finding that she was limited to lifting/carrying up to five pounds, *see id.* at 599, a less than sedentary lifting/carrying capacity, *see* Social Security Ruling 83-10, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 ("SSR 83-10"), at 29 (sedentary work entails "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools").

While the administrative law judge did not expressly discuss the conflict in the evidence pertaining to lifting capacity, *see* Record at 16-17, she did choose to accord greater weight to the opinions of Drs. Stucki and Chamberlin, who found the plaintiff capable of occasionally lifting/carrying up to 20 pounds and frequently lifting/carrying up to 10 pounds, *see id.* at 477, 616, than to the opinion of Dr. Trembly, which she accorded only "some weight[,]" *id.* at 16.

---

[3] In her statement of errors, the plaintiff also argued that the administrative law judge failed to consider the conclusion of Nicholas Hodsdon, MPT, based on functional capacity testing, that she could sit for only one-third to two-thirds of a workday. *See* Statement of Errors at 1-2; Record at 740. During a colloquy at oral argument, the plaintiff's counsel conceded that an ability to sit for up to two-thirds of a workday, which by my calculations translates to 5.3 hours in an eight-hour workday, is not materially different from an ability to sit for up to six hours in an eight-hour workday.

4

This is a generally permissible, indeed required, adjudication. *See Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

When asked, at oral argument, if there was any reason that the Stucki and Chamberlin opinions could not serve as substantial evidence of the plaintiff's RFC, including her lifting capacity, the plaintiff's counsel suggested that the administrative law judge erred in according greater weight to the Stucki and Chamberlin opinions than to the Trembly opinion because Dr. Trembly was an examining source, while Drs. Stucki and Chamberlin were nonexamining sources. Hence, he reasoned, the crediting of the Stucki and Chamberlin opinions did not render harmless any error in failing to address the lifting limitation.

Nonetheless, as counsel for the commissioner rejoined, a decision to credit the opinion of a nonexamining expert over that of an examining expert is not, in itself, error. While it is true, as a general proposition, that opinions of examining sources are entitled to more weight than those of nonexamining sources, *see* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1), this is but one of several factors relevant to evaluation of a medical source's opinion, *see id*. §§ 404.1527(d), 416.927(d), and the First Circuit has made clear that the opinions of nonexamining experts can stand as substantial evidence in support of an administrative law judge's finding, *see, e.g., Rose v. Shalala,* 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert. In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute

substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted).

Hence, there was no reversible error in the administrative law judge's failure to specifically discuss Dr. Trembly's finding that the plaintiff was capable of lifting/carrying only up to five pounds.

### 2. Sitting/Standing Limitation

I find no error in the administrative law judge's handling of Dr. Trembly's opinion that the plaintiff could stand for only 15 minutes before needing to change positions. *See* Record at 599. The administrative law judge expressly considered that opinion, supportably rejecting it on the basis that it was inconsistent with the plaintiff's own testimony as well as that of Dr. Tarnay. *See id.* at 16; *see also id.* at 33, 45.[4]

In sum, the administrative law judge's physical RFC finding is supported by substantial evidence. To the extent that she erred, the error was harmless.

### B. Relevance of Vocational Testimony

The plaintiff finally complains that the administrative law judge ignored a discrepancy between Hall's testimony at hearing and the DOT, warranting reversal and remand. *See* Statement of Errors at 3. This point is without merit.

SSR 00-4p provides, in relevant part: "When there is an apparent unresolved conflict between VE [vocational expert] or VS [vocational specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS

---

[4] As the administrative law judge noted, *see* Record at 16, Dr. Tarnay testified that the plaintiff needed to alternate between sitting and standing every 30 minutes, *see id.* at 45. The administrative law judge mistakenly characterized the plaintiff, who testified that she could sit for up to 25 minutes at a time, *see id.* at 33, as having testified that she could sit continuously for 30 minutes, *see id.* at 16. However, nothing turns on the error. The plaintiff's own estimate remains closer to that of Dr. Tarnay than that of Dr. Trembly.

6

evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2011), at 244.

At hearing, Hall testified that a person with the RFC posited by the administrative law judge could perform the representative jobs of addresser, order clerk, and document preparer, all of which he described as sedentary with a sit-stand option. *See* Record at 52-53. He notified the administrative law judge that, in so testifying, he relied on resources other than the DOT, namely, his more than 30 years' experience doing job placement, job analysis, and labor market surveys, to conclude that the jobs accommodated a sit-stand option, a subject matter that is not addressed in the DOT. *See id*.

The administrative law judge credited Hall's testimony, finding that he had supplied a sufficient basis, apart from the DOT, for his finding regarding the accommodation of a sit-stand option; namely, his professional knowledge and expertise. *See id*. at 20. In so doing, the administrative law judge committed no error. To the extent that the plaintiff means to complain that the administrative law judge transgressed SSR 00-4p by failing to identify and resolve a conflict between the DOT and vocational expert testimony concerning the allowance of a sit-stand option, this court previously has rejected an identical argument:

> The premise that there [is] an apparent inconsistency between [a] vocational expert's testimony [that a job can be performed with a sit-stand option] and the DOT is . . . incorrect. The DOT does not address the subject of the need to alternate sitting and standing. Hence, there could be no discrepancy.

*Wasilauskis v. Astrue*, Civil No. 08-284-B-W, 2009 WL 861492, at *5 n.8 (D. Me. Mar. 30, 2009) (rec. dec., *aff'd* Apr. 21, 2009) (citations omitted). While this observation was made in *dictum*, *see id*., the plaintiff offers no reason to disavow it.

7

Second, even assuming *arguendo* that there was a conflict requiring resolution, the administrative law judge adequately resolved it by identifying it and relying on Hall's testimony that his opinion regarding the availability of a sit-stand option was based on his professional experience and expertise. *See* Record at 20; *see also, e.g., Decker v. Astrue*, Civil No. 09-641-P-S, 2010 WL 4412142, at *3 (D. Me. Oct. 31, 2010) (rec. dec., *aff'd* Nov. 18, 2010) ("A V[ocational] E[xpert]'s recognized expertise provides the necessary foundation for his or her testimony.") (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)). Indeed, at oral argument, the plaintiff's counsel acknowledged that an administrative law judge may choose to accept an opinion of a vocational expert that is predicated on that expert's professional experience and expertise.

To the extent that the plaintiff means to argue that the finding that the three jobs at issue accommodated a sit-stand option was unsupported by substantial evidence, that contention, as well, is without merit; Hall's professional experience and expertise supplied an adequate foundation for his testimony. *See id*.[5]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

---

[5] At oral argument, the plaintiff's counsel further contended that the administrative law judge erred in ignoring his client's testimony that, as a result of numbness in her legs, she needed to walk for 10 or 15 minutes after sitting for 20 to 25 minutes, an accommodation that she had requested and been provided by the school that she was then attending. *See* Record at 32-33. He pointed out that (i) Dr. Tarnay endorsed the credibility of that testimony, *see id*. at 45-46, and Hall testified that a need for such an accommodation would preclude the performance of the jobs that he had identified in response to the administrative law judge's hypothetical question, *see id*. at 53-54. As the plaintiff's counsel acknowledged, this point was not raised in his statement of errors. It is, accordingly, waived. *See, e.g., Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge